IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BOBBY BATISTE                                                                             PETITIONER

V.                                                                      CAUSE NO. 1:22-CV-00108-SA

BURL CAIN and
LYNN FITCH                                                                     RESPONDENTS

## SUPERSEDING SCHEDULING ORDER

Petitioner filed his initial federal petition for a writ of habeas corpus on February 14, 2023. *See* Doc. # 21. The Court subsequently entered a Scheduling Order setting forth the applicable filing deadlines in this cause. *See* Doc. # 23. Respondents timely filed their answer to the initial petition on May 30, 2023. *See* Doc. # 29. Pursuant to Rule 15(a)(1)(B), Petitioner filed an amended petition for federal habeas corpus relief on June 20, 2023. *See* Doc. # 31. As such, the Court finds that the following deadlines are now appropriate:

Respondents must file an answer or other responsive pleading to Petitioner's amended federal habeas corpus petition within ninety (90) days of the date of this Order. The answer or pleading must conform to the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and Rule 12 of the Federal Rules of Civil Procedure.

Respondents must clearly and directly respond to the issue of whether Petitioner has exhausted available State remedies with regard to each of the claims raised in Petitioner's pleadings. If Respondents deny that available state remedies have been exhausted as to any of Petitioner's claims, Respondents must explain, in detail, the State remedies still available to Petitioner with regard to each unexhausted claim. In the event Respondents wish to assert the defense that Petitioner has procedurally defaulted on any claim for relief in the petition,

Respondents must explicitly assert such defense and identify with specificity which of Petitioner's claims Respondents contend are procedurally barred from consideration by this Court.

Within sixty (60) days of the date Respondents serve Petitioner's counsel with a copy of Respondents' answer or other responsive pleading, Petitioner must file with the Clerk of this Court and serve on Respondents' counsel of record any reply he wishes to make to the answer or responsive pleading.

Unless otherwise modified by the Court, Petitioner must file and serve, not later than ninety (90) days after service of the answer or other responsive pleading, a memorandum of law in support of his amended petition. Respondents must file a responsive memorandum within ninety (90) days of service of Petitioner's supporting memorandum. Petitioner may serve a reply memorandum within sixty (60) days of service of Respondents' memorandum.

Within thirty (30) days of the date Respondents file an answer or other responsive pleading in this matter, Respondents must submit to the Clerk of this Court true and correct copies of all pertinent records from Petitioner's State-court proceedings. Such records must be submitted in both conventional *and* electronic formats.

Any party seeking an extension of any deadline specified above must file a written motion requesting such extension *before* the expiration of the deadline and must state in detail why that party, despite the exercise of due diligence, will be unable to comply with the deadline.

SO ORDERED this, the 21st day of June, 2023.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE

2