IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BOBBY BATISTE                                                                                         PETITIONER

V.                                            CAUSE NO. 1:22-CV-00108-SA

BURL CAIN and
LYNN FITCH                                                          RESPONDENTS

<u>ORDER DENYING PETITIONER'S MOTION TO STAY CONSIDERATION
OF HIS PENDING MOTION TO STAY AND ABEY FEDERAL PROCEEDINGS</u>

This matter comes before the Court on Petitioner's Motion [72] to Stay Consideration of Motion to Stay and Abey Federal Proceedings Pending Resolution of Certiorari Review in *Ronk v. Mississippi*. Upon due consideration, the Court finds that the motion is not well-taken and should be denied.

To provide some background, Petitioner first filed a *Rhines*[1] motion to stay and abey these federal habeas proceedings so that he may exhaust state court remedies on August 29, 2023. *See* Doc. # 40. In that motion, Petitioner argued that numerous claims raised in his federal habeas petition were not exhausted due to failures of his court-appointed post-conviction counsel. *See id*. His argument was based primarily upon *Grayson v. State*,[2] whereby the Mississippi Supreme Court seemingly crafted an exception to the state's procedural bars for claims of ineffective assistance of post-conviction counsel in capital cases. *See* 118 So.3d at 126. Petitioner's position was certainly justified as district courts in this state had routinely granted such motions—largely on the basis of *Grayson*—when ineffective-assistance-of-post-conviction-counsel claims had been raised. *See Carr v. Cain, et al*, No. 3:19-CV-274-DMB, Doc. # 47 (order granting in part and

---

[1] *Rhines v. Weber*, 544 U.S. 269 (2005).
[2] 118 So. 3d 118 (Miss. 2013).

denying in part motion to stay) (Dec. 6, 2022); *see also e.g., Ambrose v. Cain*, No. 1:21-CV-302, 2022 WL 3499637 at *2 (S.D. Miss. Aug. 17, 2022).

Then, on January 11, 2024, the Mississippi Supreme Court handed down its decision in *Ronk v. State*,[3] in which it overruled *Grayson* "to the extent it excepted ineffective-assistance-of-post-conviction-counsel claims from the UPCCRA's[4] bars in death-penalty cases." 391 So.3d at 815. The *Ronk* decision, however, was not official for some time as a motion for rehearing was filed. Thus, on February 14, 2024, reasoning that "the controlling state-law applicable to Petitioner's arguments in support of a stay remain[ed] undecided", the Court entered an Order denying Petitioner's *Rhines* motion without prejudice and directing him to refile his motion (if he so chose) upon resolution of the *Ronk* proceedings. *See* Doc. # 58.

The Mississippi Supreme Court denied rehearing in *Ronk* on July 18, 2024, and the mandate issued on August 23, 2024. *See* Orders, *Ronk v. State*, No. 2021-DR-00269-SCT. On October 4, 2024, Petitioner timely filed a second *Rhines* motion. Doc. # 69. In this motion, Petitioner relies on various exceptions to state procedural bars but also maintains his reliance on *Grayson*. *See id.* Respondents filed their response in opposition on October 18, 2024, *see* Doc.# 71, and Petitioner filed his reply in support on October 25, 2024. *See* Doc. # 73.

Petitioner now asks that the Court stay, or defer, consideration of his current *Rhines* motion pending resolution of certiorari review in *Ronk*. *See* Doc. # 72. In support, Petitioner notes that a certiorari petition on Ronk's behalf has been filed in the United States Supreme Court. *Id.* at 3. Petitioner further emphasizes that the District Court for the Southern District of Mississippi denied the State's motion to lift the stay in Ronk's federal habeas proceedings due to the pending cert petition. *Id.*

---

[3] 391 So. 3d 785 (Miss. 2024)
[4] Mississippi Uniform Post-Conviction Collateral Relief Act.

2

While true, these circumstances do not warrant the relief requested. It is understandable for the stay *in Ronk's federal habeas proceeding* to remain in place pending resolution of *Ronk's cert petition*. Those proceedings are specific to Ronk, and the outcome surely would impact, one way or another, his concurrent post-conviction litigation, whether it be in state or federal court. The same cannot be said for the Petitioner's current federal habeas proceedings Petitioner has failed to demonstrate that resolution of the pending cert petition in *Ronk* would have any bearing on the merits of his *Rhines* motion nor the claims raised herein. The *Rhines* matter is now fully briefed and ripe for consideration, and the Court finds no reason to defer its consideration of the issues raised.

Accordingly, the Court finds that Petitioner's Motion [72] to Stay Consideration of Motion to Stay and Abey Federal Proceedings Pending Resolution of Certiorari Review in *Ronk v. Mississippi* should be DENIED.

SO ORDERED this the 17th day of December, 2024.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE

3